IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| Habeeb Abdul Malik, #231677, | ) | Civil Action No. 8:06-3060-RBH-BHH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Jon E. Ozmint, Director SCDC; and | ) | |
| Daryl W. Giddings, Division Director of | ) | |
| Facilities Management SCDC, both | ) | |
| sued in their personal/official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the plaintiff's motion for a temporary restraining order and preliminary injunction.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

In the instant case, the plaintiff is presently housed in the Maximum Security Unit (MSU) at Kirkland Correctional Institution. In his complaint and motion for a TRO, the plaintiff alleges that the MSU is extremely cold and that he and other prisoners are without adequate heat, bedding, and clothing. The plaintiff argues that he is constitutionally entitled to adequate clothing and blankets and that the deprivation of these rights constitute irreparable harm. He also contends that the defendants' failure to provide him with warm clothing forces him to forfeit his right to exercising outdoors.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

(a)     The plaintiff's likelihood of success in the underlying dispute between the parties;

(b)     whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c)     the injury to the defendant if the injunction is issued; and

(d)     the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (1977). The Court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant. *Scotts*, 315 F.3d at 271.

The Court has analyzed the plaintiff's request for a TRO under the *Blackwelder* factors. He is not entitled to one. As will be discussed, the plaintiff has not made a strong showing of irreparable harm. In fact, he has made no such showing at all. Moreover, there is slim likelihood that he will prevail on the merits of his claim.

Based upon the allegations and evidence before the Court, the plaintiff has almost no chance of succeeding on his claims. To state a *prima facie,* Eighth Amendment claim for conditions of confinement, a two prong test must be met: the plaintiff must be able to show that (1) there was a serious deprivation of a basic human need, and (2) that prison officials were deliberately indifferent to the prison conditions. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir.1995). Under the first prong, the plaintiff must establish that the prison condition was a "sufficiently serious" deprivation of a basic human need. *Farmer v. Brennan*, 511 U.S. 825, 825 (1994) (citing *Wilson*, 501 U.S. at 298). The plaintiff must demonstrate that the risk from the prison conditions was so grave that it violated contemporary notions of decency and the prison condition resulted in serious or significant physical or emotional injury. *Strickler*, 989 F.2d at 1379-81. The second prong involves a subjective analysis requiring the plaintiff to establish that a defendant had a "sufficiently

2

culpable" state of mind. *Id.* The Supreme Court has defined this state of mind requirement to mean deliberate indifference. In essence, a defendant must know of facts from which an inference can be drawn that "a substantial risk of serious harm" is posed to an inmate's health or safety, must actually draw that inference, and then disregard the risk posed to the inmate. *Farmer*, 511 U.S. at 837.

As to the first prong, "only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Further, "to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.*; *see also Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

The plaintiff has not even alleged any injury, harm, or risk of injury or harm serious enough to constitute an extreme deprivation. He certainly has not produced any evidence to that end. In contrast, the respondents have produced the plaintiff's medical records from September 2005 through January 3, 2007. [See Doc. 18.] A review of those records appears to reveal no illnesses associated with cold temperatures.

For these same reasons, it seems doubtful that the plaintiff faces the prospect of any irreparable injury. Contrary to his assertion, the alleged inadequacy of blankets and coats is not a *per se* constitutional violation. In other words, he has no specific constitutional right to adequate blankets and coats such that the sheer absence of those items constitutes irreparable injury. Deprivation of those items only becomes constitutionally actionable, when the effect of that deprivation becomes extreme and when the deprivation itself is done with deliberate indifference. As stated, he has not alleged harm of any kind, specific to

him, and attributable to the complained of cold.[1]  And, his medical records suggest that he will not be able to so demonstrate.

The plaintiff's citation to *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991) is inapposite.  In that case, a genuine issue of fact was created as to a deprivation of coats and blankets only in the context of numerous other, and severe, conditions of confinement, including overcrowding, urine on toilet seats, insufficient showers, sewage on shower floors, and prison cells infested with insects and vermin.  *See id.* at 825.

In addition, during the pendency of this case, the defendant would incur substantial expense in reconditioning the air temperature and/or providing the requested blankets and coats if a TRO were to issue.  The Court takes judicial notice that such a cost would not be insignificant and, whatever the amount, it is a cost not yet justified by the allegations of the plaintiff, in any respect.

Finally, the plaintiff has complained that the inadequate clothing prevents him from enjoying his allegedly constitutional right to outdoor recreation.  No such right exists unfettered.  The Fourth Circuit Court of Appeals has explained, "[W]e have never held that denial of out-of-cell exercise opportunities is *per se* unconstitutional cruel and unusual punishment." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992).  It is a "totality of conditions" analysis.  *Id*.  The plaintiff has not alleged a totality of conditions, which would likely arise to some constitutional deprivation of his right to exercise.  He has not alleged the frequency or the severity of occasions where the alleged inadequacy of clothing compromised his ability to exercise.  Such allegations and showing would have to be extreme.

Further, SCDC Policy No. OP-22.11 allows for outdoor recreation one hour per day and five days a week but only if "weather permitting."  (Lane Aff. Ex. B.)  Therefore, it seems reasonable, as the defendants suggest, that when there is inclement weather, which

---

[1]  The plaintiff generally alleges that prisoners experience numbness in the hands and feet, runny noses, severe colds and headaches.  His personal records do not so reflect.

4

would include unseasonably cold temperatures, inmates are not allowed outdoors, by policy.

The plaintiff will likely not succeed on this portion of his claim either.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motions for a temporary restraining order and preliminary injunction be denied.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks

United States Magistrate Judge

August 10, 2007

Greenville, South Carolina

5